IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02313-BNB

RANDEL E. ERLANDSON,

    Plaintiff,

v.

ROBERT RING,
JESSE M. PEREZ, and
JOHN S. GLEASON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 5 2010

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Randel E. Erlandson, initiated this action by filing a *pro se* Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Complaint. In an order filed on September 21, 2010, Mr. Erlandson was ordered to cure certain deficiencies regarding the documents he had submitted. In response to the Court's September 21 order, Mr. Erlandson filed on September 29, 2010, an Amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and an Amended Complaint. He has been granted leave to proceed *in forma pauperis*.

The Court must construe the amended complaint liberally because Mr. Erlandson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For

the reasons stated below, Mr. Erlandson will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint filed by Mr. Erlandson, and finds that it is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the bases for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Erlandson fails to set forth a short and plain statement of the grounds for the Court's jurisdiction. In other words, Mr. Erlandson fails to identify the statutory authority that allows the Court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction. They

> possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The amended complaint is also vague and difficult to read. One reason the amended complaint is difficult to read is the poor quality of Mr. Erlandson's handwriting. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be legible. *See* D.C.COLO.LCivR 10.1G. The second amended complaint Mr. Erlandson will be directed to file, if handwritten, shall be written legibly.

Mr. Erlandson also fails to provide a short and plain statement of his claims showing that he is entitled to relief. In order to state a claim in federal court, Mr. Erlandson "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Erlandson fails to specify the relief he is seeking in this action.

For these reasons, Mr. Erlandson will be ordered to file a second amended complaint if he wishes to pursue his claims in this Court in this action. Accordingly, it is

ORDERED that Mr. Erlandson file, **within thirty (30) days from the date of this**

**order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Erlandson, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Mr. Erlandson fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED October 5, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02313-BNB

Randel E. Erlandson
1257 E. 6th St.
Loveland, CO 80537

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 10/5/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk