IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02313-BNB

RANDEL E. ERLANDSON,

     Plaintiff,

v.

ROBERT RING,
JESSE M. PEREZ, and
JOHN S. GLEASON,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 9 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

     Plaintiff, Randel E. Erlandson, initiated this action by filing a *pro se* Complaint and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on September 14, 2010.  On September 21, 2010, Magistrate Judge Boyd N. Boland ordered the Clerk of the Court to commence a civil action, and ordered Mr. Erlandson to cure certain deficiencies.  Specifically, he ordered Mr. Erlandson to file a properly notarized Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a complete Complaint on the court-approved form.  Mr. Erlandson cured the deficiencies in this action on September 29, 2010, and he was granted leave to proceed *in forma pauperis* by order dated October 4, 2010.

     On October 5, 2010, Magistrate Judge Boland reviewed Mr. Erlandson's Amended Complaint and determined that it was deficient.  Specifically, he found that the Amended Complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure because Mr. Erlandson failed to set forth a short and plain statement of the

Court's jurisdiction and of his claims showing that he was entitled to relief.  Accordingly, Magistrate Judge Boland directed Mr. Erlandson to submit a Second Amended Complaint within thirty days.  Mr. Erlandson was warned that if he failed to submit an Second Amended Complaint within the time provided, that the Amended Complaint and the action would be dismissed without further notice.  Mr. Erlandson filed a Second Amended Complaint on October 15, 2010.

The Court must construe the Second Amended Complaint liberally because Mr. Erlandson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Second Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants.  *See id.*  For the reasons set forth below, the Second Amended Complaint will be dismissed.

The Court has reviewed the Second Amended Complaint Mr. Erlandson filed on October 15, 2010, and finds that it again fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  As Magistrate Judge Boland previously informed Mr. Erlandson, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v.*

2

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Erlandson fails to set forth a short and plain statement of the Court's jurisdiction and of his claims showing that he is entitled to relief.  In the jurisdiction section, Mr. Erlandson asserts that his claims are brought pursuant to "D.C.Colo.LCivR. 83.4 and 83.5 and D.C.Colo.CrR. 57.6 and 57.7."  Second Amended Complaint at 2. However, the Local Rules of Practice for the United States District Court for the District of Colorado do not provide a basis for the Court's jurisdiction.  In his October 5 Order, Magistrate Judge Boland specifically informed Mr. Erlandson that he must clarify the basis for the Court's jurisdiction by providing statutory authority.  Mr. Erlandson has failed to fulfill this requirement.

3

Mr. Erlandson has also failed to provide a short and plain statement of his claims showing that he is entitled to relief.  For example, as Mr. Erlandson's first claim, he alleges the following: "criminal conspiracy to violation my C.R.  Seeking total disbarrment [sic] of Defendants. With and through U.S. Federal Courts.  Trial by Jury. RE." Second Amended Complaint at 3.  As his second claim, Mr. Erlandson asserts the following: "I do not understand nor grasp what would be justice on second term's.  But to seek a five year suspension on these defendants may due [sic] some justice?" *Id.* at 4.  The Court finds that Mr. Erlandson's Second Amended Complaint fails to comply with Rule 8, because it is vague and confusing and does not give the opposing parties fair notice of the basis for the claims against them so that they may respond. ***See Monument Builders of Greater Kansas City, Inc.***, 891 F.2d at 1480.

Mr. Erlandson has been warned that it is his responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Erlandson has been provided several chances to allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  Mr. Erlandson has failed to present his claims in such a format, because he has failed to state his claims in a clear, succinct, and factual manner.  Moreover, the general rule that ***pro se*** pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

4

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Second Amended Complaint does not meet the requirements of Rule 8 and must be dismissed.  The Court notes that the dismissal is without prejudice.  Therefore, Mr. Erlandson may pursue his claims by initiating a new action that complies with the pleading requirements of Fed. R. Civ. P. 8.  Accordingly, it is

ORDERED that the Second Amended Complaint filed on October 15, 2010, and this action, are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this __23rd__ day of __November__, 2010.

BY THE COURT:

Christine M Arguello

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 10-cv-02313-BNB

Randel E. Erlandson
1257 E. 6th St.
Loveland, CO 80537

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/29/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk